IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Billy Mitchell, | ) | |
| | ) | C/A No. 4:15-1624-MBS-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

I.  PROCEDURAL HISTORY

Plaintiff Billy Mitchell protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 7, 2011, alleging disability since February 21, 2010. Tr. 14. His applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on November 4, 2013. Tr. 31. The ALJ issued a decision dated December 2, 2013, in which he concluded that Plaintiff was not "disabled" as defined in the Social Security Act. Tr. 25. Accordingly, the ALJ determined that Plaintiff was not entitled to disability insurance benefits or supplemental security income under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on February 10, 2015. Tr. 1-3. Thus, the decision of the ALJ became the "final decision" of the

Commissioner for the purposes of judicial review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for a Report and Recommendation. On May 27, 2016, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 20. Plaintiff filed objections to the Report and Recommendation on June 12, 2016. ECF No. 22. The Commissioner filed a response to Plaintiff's objections on July 16, 2016. ECF No. 24.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

II.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial

evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.  DISCUSSION

Plaintiff was forty-six years old at the time of his hearing before the ALJ regarding his applications for disability insurance benefits and supplemental security income. Tr. 35. He has some high school education and has worked in the past as a heating and air conditioning technician, a utility cableman, and a utility lineman. Tr. 35 and 278. He claims disability beginning February 21, 2010, alleging coronary artery disease, diabetes, degenerative joint disease, and gout. Tr. 16. Plaintiff asserts specific objections to the Report and Recommendation. The court will review each of these objections in turn.

**A.    Medication Side Effects**

Plaintiff objects to the Magistrate Judge finding no error in the ALJ's decision not to give serious weight to Plaintiff's alleged side effects caused by his medications. ECF No. 22 at 2. Plaintiff

testified that his medications would send him to the bathroom and also make him fall asleep. Tr. 38 and 40. In rendering his decision, the ALJ stated that these alleged side effects were not corroborated by Plaintiff's medical records. Tr. 21. Plaintiff takes exception to this statement, arguing that it is "conclusory [and] unsupported." ECF No. 22 at 3. Plaintiff points to five instances in his medical records where side effects are referenced. *Id.* at 2. Had the ALJ considered the side effects reflected in the record, Plaintiff argues, the ALJ may have arrived at a different result:

> [I]f the ALJ had considered the combined effects of [Plaintiff's] numerous physical conditions--including the impact of the prescriptive drugs used to treat them--the effect would have been case-determinative and clearly would have demonstrated that [Plaintiff's] physical condition has left him effectively disabled and unable to work.

*Id.* at 4.

The Magistrate Judge concluded that the ALJ gave proper consideration to Plaintiff's alleged side effects. ECF No. 20 at 12. In his decision, the ALJ states that he did in fact consider "the type, dosage effectiveness, and adverse side effects of any medication . . . ." Tr. 18. As for Plaintiff's contention that his medical records do corroborate his alleged side effects, the court is unpersuaded that these instances contradict the findings of the ALJ. Four of the five instances cited by Plaintiff reference either general side effects or suggest an alternative treatment for Plaintiff; these instances fail to mention any side effects that Plaintiff personally experienced. Tr. 358-361, 492, 496, and 499. The fifth instance that Plaintiff claims corroborates his alleged side effects states that "[p]atient could not tolerate clonidine in the past." Tr. 369. While this appears to be a specific reference to a drug that adversely affected Plaintiff, this reference still presents no contradiction with the ALJ: there is no mention of any specific side effect that Plaintiff personally experienced. Therefore, the court finds

that the ALJ properly considered the case record in arriving at his conclusion that there was no corroboration for Plaintiff's testimony regarding side effects from medication.

Furthermore, even if the court were to find a contradiction in the record, it is not the role of the court to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). The role of the court is instead to affirm the Commissioner if there is substantial evidence to support his decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Here, the ALJ looked to medical evidence in the record regarding each of Plaintiff's conditions, specifically examining treatment records, hospital records, and progress notes. Tr. 18. Despite this consideration, the ALJ found no evidence to support the side effects Plaintiff testified to at trial. *Id.* at 21. The court finds that the ALJ's decision was based on substantial evidence, and Plaintiff's objection is without merit.

## B.     Plaintiff's Ability to Complete Physical Tasks

Plaintiff objects to the Magistrate Judge's approval of the ALJ's finding that Plaintiff's reported ability to perform physical tasks "somehow evinced an ability to do full-time work." ECF No. 22 at 4. The ALJ considered Plaintiff's ability to take care of personal hygiene, watch television, sit on the porch, and attend church. Tr. 20. These activities, according to the ALJ, "rise above the ability to work only a few hours a day or to work only on an intermittent basis and indicate functional abilities substantially greater than those alleged." *Id.*

Essentially, the ALJ made a credibility determination based not just on Plaintiff's reported ability but also based on the objective evidence in Plaintiff's medical records. "[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or

other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7P (S.S.A. July 2, 1996). While Plaintiff's reported abilities may support a disability finding, the ALJ found that the case record revealed a lack of indicators of long-standing, severe, or intense pain, such as muscular atrophy, strength deficits, calculatory compromise, neurological deficits, muscle spasm, or change in weight. Tr. 21.

Plaintiff misses the mark in attempting to distinguish his daily activities from those of the claimant in *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (finding no disability for a claimant who reported being able to do household chores, including cooking, cleaning, and washing dishes). Instead, the issue here is whether the ALJ considered the entire record and relied on objective evidence in making his credibility determination. *See Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) ("[A] claimant's allegations about her pain . . . need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment . . . ."). The court finds that the ALJ relied on substantial evidence in the case record and properly made a credibility determination regarding Plaintiff's ability to complete physical activities. The Magistrate Judge appropriately approved the ALJ's decision. Plaintiff's objection is without merit.

**C.    Dr. Kumar's Opinions**

Plaintiff's final objection is to the Magistrate Judge finding no error in the ALJ rejecting some of the opinions of Dr. Sanjay Kumar. The specific opinions of Dr. Kumar that are of interest to Plaintiff are as follows: Plaintiff is disabled (Tr. 374); Plaintiff could not perform sustained work activity for an eight-hour work day, five days a week (Tr. 512); and Plaintiff could not sit for longer

than two hours, given normal breaks, during an eight-hour work day (Tr. 512). Plaintiff argues that these opinions should be given greater weight, because as his treating physician, Dr. Kumar was better able to observe Plaintiff's impairments, many of which Plaintiff describes as being "intermittent in nature." ECF No. 22 at 6.

In determining what weight to give a medical opinion, the Commissioner must consider how consistent an opinion is with the record as a whole. 20 C.F.R. § 404.1527(c)(4). The ALJ considered the case record as a whole and determined that Dr. Kumar's opinions were not consistent with Plaintiff's treatment records. Tr. 22. The ALJ found no evidence in the record supporting a restriction on how long Plaintiff could sit. *Id.* As for Dr. Kumar's remaining opinions, the ALJ reviewed the opinions and medical records generated by other physicians and found them to be in direct conflict with the opinions of Dr. Kumar. Tr. 18-22.

Plaintiff also charges that the ALJ improperly cherry-picked which of Dr. Kumar's opinions to credit and which to dismiss. ECF No. 22 at 7. Plaintiff argues that the ALJ "used portions of [Dr. Kumar's] notes to discredit [Plaintiff's] complaints of pain and inability to sit for long periods." The Plaintiff relies on *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004)*,* which instructs ALJs not to "pick and choose" when considering a medical opinion. While the court agrees that *Robinson* cautions ALJs against cherry-picking, the crux of the 10th Circuit's opinion was inquiring whether the ALJ provided an explanation for how he determined what weight to assign the medical opinion in question. *Id.* Similar to *Robinson*, the Code of Federal Regulations instructs ALJs to "give good reasons . . . for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527. The court finds that the ALJ provided sufficient explanation for giving less weight to portions of Dr. Kumar's

opinion. Tr. 18-22. Therefore, the Magistrate Judge properly found that the ALJ's decision was supported by substantial evidence.

V. CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

July 28, 2016

Columbia, South Carolina